IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILIRIANA F.,[1] ) <br> ) <br>        **Plaintiff,** ) <br> ) <br>     v. ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br> Commissioner of Social Security,[2] ) <br> ) <br>        **Defendant.** ) <br> ) | No. 20 C 5026 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Iliriana F.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 14] is granted in part and denied in part, and the Commissioner's request for affirmance [Doc. No. 19] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

**I.    PROCEDURAL HISTORY**

On November 7, 2017, Plaintiff filed a claim for DIB, alleging disability since June 24, 2017. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 22, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. An Albanian interpreter was also present at the hearing.

On November 7, 2019, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

**II.    ALJ DECISION**

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 24, 2017. At step two, the ALJ concluded that Plaintiff has the following severe impairments: post-traumatic stress disorder (PTSD); depression; coronary artery disease; asthma; and

2

obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can never climb ladders, ropes, or scaffolds, and can occasionally balance, stoop, crouch, kneel, and crawl; is precluded from work at unprotected heights or around hazardous machinery and can do no commercial driving; must avoid concentrated exposure to cold, heat, humidity, witness, pulmonary irritants, and vibration; is limited to simple routine tasks with only occasional interaction with the general public as part of routine job duties and only occasional interaction with coworkers and supervisors; is precluded from fast production such as assembly line or work where a machine sets the pace, but can perform work at a variable rate; can have no strict production or hourly requirements, but can do work with end of the day work goals; and is precluded from tandem tasks.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a sales clerk, customer service representative, or produce clerk. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to support her rejection of treating source opinions with substantial evidence; (2) the ALJ failed to accommodate Plaintiff's non-exertional deficits in the RFC assessment; and (3) the ALJ's finding that Plaintiff would be capable of performing work at the light exertional level is unsupported and unexplained.

In advancing her third argument, Plaintiff contends, *inter alia*, that the ALJ failed to properly account for her documented problems with fatigue. On the topic of Plaintiff's fatigue, the ALJ noted that in May and October of 2017, February and March of 2018, and June of 2019, Plaintiff reported ongoing problems with fatigue to her medical providers. (R. 22-26.) The ALJ further noted that in October 2017, Dr. Saha Narayan "opined that the claimant's intercostal pain with some associated fatigue appeared to be noncardiac by the claimant's description of symptoms." (*Id.* at 23.) The ALJ also noted that in June 2019, Dr. Enrique Saguil "referred the claimant for an MRI and physical therapy to address her complaints of fatigue, weakness, and muscle pain." (*Id.* at 24.) Otherwise, the ALJ's only analysis of Plaintiff's fatigue is her following statement: "The claimant has complained of fatigue due to her physical and mental impairments. This has been considered in limiting her to light work with postural limitations." (*Id.* at 26.)

The Court agrees with Plaintiff that the ALJ's evaluation of her fatigue falls short of what is required. In light of Plaintiff's documented issues with fatigue, the ALJ was required to fulsomely "discuss [the claimant's] fatigue and how it might affect her job performance." *Holland v. Barnhart*, No. 02 C 8398, 2003 U.S. Dist. LEXIS 15599, at *24-25 (N.D. Ill. Sep. 4, 2003). The ALJ did not do that. Merely acknowledging Plaintiff's fatigue and then bluntly stating it is accommodated by a limitation to light work is insufficient. *See Collins v. Berryhill*, No. 17 C 3589, 2018 U.S. Dist. LEXIS 114090, at *10 (N.D. Ill. July 10, 2018) ("The ALJ states that the RFC accommodates Plaintiff's fatigue and leg pain by limiting him to light work, but he does not explain how the demands of light work are consistent with Plaintiff's demonstrated impairments, an error that requires remand.") (citations omitted); *Lopez v. Berryhill*, 340 F. Supp. 3d 696, 701 (N.D. Ill. 2018) ("[T]he ALJ seemed to accept that Mr. Lopez suffered fatigue and sleepiness during the day because she said that her residual functional capacity finding was 'sufficient to address claims of fatigue . . .' One can only guess why that is."). The ALJ's failure to properly account for Plaintiff's fatigue requires that this matter be remanded. *See Allen v. Astrue*, No. 06-CV-4660, 2008 U.S. Dist. LEXIS 109559, at *33-34 (N.D. Ill. Nov. 13, 2008) ("Despite these numerous references [to fatigue], it is unclear if, or to what extent, ALJ White considered Allen's fatigue in concluding that he has the residual functional capacity to perform light work with certain specified limitations. On remand, the ALJ must discuss how Allen's fatigue affects his ability to work.") (citations omitted).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that treating source opinions are properly evaluated and Plaintiff's non-exertional limitations are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 14] is granted in part and denied in part, and the Commissioner's request for affirmance [Doc. No. 19] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                          **ENTERED:**

*[signature: Maria Valdez]*

**DATE:**     **March 1, 2022**             _____
                                                                **HON. MARIA VALDEZ**
                                                                **United States Magistrate Judge**